# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE STATE OF SOUTH CAROLINA, *ex. rel*. Alan M. Wilson, in his official capacity as Attorney General of the State of South Carolina,<br><br>Plaintiff,<br><br>vs.<br><br>3M COMPANY; EIDP, INC., *f/k/a* E.I. DUPONT DE NEMOURS AND COMPANY ("Old DuPont"); THE CHEMOURS COMPANY ("Chemours"); THE CHEMOURS COMPANY FC, LLC ("Chemours FC"); CORTEVA, INC. ("Corteva"); and DUPONT DE NEMOURS, INC. ("New DuPont"),<br><br>Defendants. | MDL No. 2:18-mn-2873-RMG<br><br>This Document Relates To<br>Civil Action No.: 2:23-cv-05979-RMG<br><br>**STATE OF SOUTH CAROLINA'S MOTION TO STAY**[1] |

On July 23, 2025, this Honorable Court entered an Order setting a briefing schedule on the requirements for federal officer removal that were not considered in the Fourth Circuit Court of Appeals' decision in *Maryland v. 3M Company*, 130 F.4th 380 (4th Cir. 2025) (the "Order") [ECF No. 26]. Specifically, the Order establishes a briefing schedule on Plaintiff's Motion to Remand [ECF No. 8] to address the remaining issues of federal officer jurisdiction, namely whether 3M acted under a federal officer and whether 3M plausibly alleged a colorable federal defense.

Plaintiff, the State of South Carolina, by and through Attorney General Alan M. Wilson, respectfully moves this Honorable Court for entry of a stay of its Order pending the State of South Carolina's filing of a petition for certiorari in the United States Supreme Court and during the

---

[1] Pursuant to this Court's prior case management orders, Co-Lead Counsel authorized the filing of South Carolina's Motion to Stay.

1

pendency of any further proceedings in the Supreme Court. In support of its request, the State of South Carolina states as follows:

1. That the State of South Carolina filed its "non-AFFF" PFAS action in the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina bearing Case No. 2023-CP-40-4111 on August 7, 2023.

2. That on November 21, 2023, pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1) and 1446, Defendant 3M Company, Inc. filed a Notice of Removal. [ECF No. 1].

3. That on December 20, 2023, the State of South Carolina timely filed a Motion to Remand and Memorandum in Support of its Motion to Remand arguing that 3M has not met the requirements for federal officer removal or federal enclave removal. [ECF No. 8].

4. After substantial briefing of the issues related to the State of South Carolina's Motion to Remand, this Honorable Court issued an order granting the State of South Carolina's Motion to Remand. [ECF No. 13].

5. 3M Company filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit of the order granting the State of South Carolina's Motion to Remand to State Court. [ECF No. 4743].

6. On appeal, the Fourth Circuit consolidated this matter with that of the *State of Maryland v. 3M Company*, 1:23-cv-01836-RDB, in which the district court also concluded federal officer jurisdiction did not exist over a state-brought action disavowing any recovery for AFFF contamination.

7. Following oral argument in October 2024, the decision of the Fourth Circuit in *State of Maryland v. 3M Company*, No. 24-1218 and 24-1270 was issued on March 7, 2025 See **Ex. A**. The States timely sought rehearing *en banc*, which was denied on May 28, 205. See **Ex. B**.

8. That on July 21, 2025, the State of South Carolina and the State of Maryland jointly requested a 60-day extension of time, to and including October 27, 2025, to file a Petition for Writ of Certiorari from the Court of Appeals' decision in State of Maryland v. 3M Company, No. 24-1218. See **Ex. C**. 3M Company did not object to the State of South Carolina's extension request. The Honorable John G. Roberts, Jr., as Circuit Justice for the Fourth Circuit, approved the parties' request for an extension of time.

9. That the Plaintiff, the State of South Carolina, and the State of Maryland, will file a petition for a writ of certiorari, as they believe that the Fourth Circuit "entered a decision in conflict with the decision of another United States court of appeals on the same important matter" and that the decision below raises "an important question of federal law." *See* S. Ct. R. 10(a), (c). Further, the States contend the Fourth Circuit erred in determining a removed action must be remanded to state court when the defendant's only asserted basis for removal under the federal officer removal statute, 28 U.S.C. 1442(a), is not alleged as a basis for liability in the plaintiff's complaint, is expressly disclaimed, and did not cause the injury for which the plaintiff seeks recovery.

10. The State of South Carolina requests a stay of this Honorable Court's Order throughout all proceedings before the United States Supreme Court, including the Supreme Court's consideration of the State's certiorari petition, currently due on or before October 27, 2025, briefing on the State's petition, and any subsequent Supreme Court proceedings. Fed. R. App. P. 41(d)(2)(A); Fed. R. App. P. 26(a)(1)(C); 4th Cir. R. 41.

11. Local Civil Rule 16.00(c) provides that the Court "may stay entry of the scheduling order(s) and all federal and local civil rule disclosure and conference requirements pending resolution of a motion to…dismiss or other dispositive motion. Any party desiring a stay on

this basis shall file a separate motion to stay."

12. Fed. R. Civ. P. 26(c)(1) further allows a court to enter an order staying discovery upon good cause shown. This Court has recognized that it may properly exercise its discretion to stay discovery where a pending motion may render discovery unnecessary. *See, e.g.*, *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, 2018 WL 9785308, at *5 (D.S.C. Nov. 20, 2018) (finding good cause to stay discovery where the defendant's motion to dismiss was "potentially dispositive of the entire proceeding"); *Cuyler v. Dept. of Army*, 2009 WL 1749604, at *2 (D.S.C. June 22, 2009) (granting motion to stay where requiring defendant to response to plaintiff's discovery requests would be "unduly burdensome" given potentially dispositive issues raised in motion to dismiss); *Burks v. Rushton*, 2009 WL 10703167, at *1 (D.S.C. June 8, 2009) ("Here, the motion to dismiss has the potential to dispose of the case…without the need for discovery such that it is within the court's discretion to stay discovery pending resolution of the dispositive motion on that basis.").

13. Further briefing in this matter on the remaining elements of whether 3M satisfied the federal officer removal statute would be premature while the States pursue their petition for certiorari to affirm this Honorable Court's original order remanding this matter to state court. If granted, the Petition has the potential to resolve this jurisdictional dispute or otherwise narrow the scope of the arguments related to federal officer removal. Thus, suspending all deadlines related to the briefing schedule outlined in the Order until a decision by the Supreme Court will avoid the need for the parties to unnecessarily engage in costly litigation of issues which may be moot. Likewise, a stay will conserve judicial resources in that the Court need not expend its resources on a matter which may be decided in whole or part through the Petition.

14. Defendants EIDP, INC., *f/k/a* E.I. DUPONT DE NEMOURS AND COMPANY ("Old

DuPont"); THE CHEMOURS COMPANY ("Chemours"); THE CHEMOURS COMPANY FC, LLC ("Chemours FC"); CORTEVA, INC. ("Corteva"); and DUPONT DE NEMOURS, INC. ("New DuPont") consent to the State of South Carolina's Motion to Stay. Defendant 3M Company does not take a position on the State of South Carolina's Motion to Stay.

## CONCLUSION

For the foregoing reasons, the State of South Carolina respectfully requests that this Honorable Court enter a text order staying further remand briefing (ECF No. 26) pending the filing of the petition for a writ of certiorari in the U.S. Supreme Court and any further proceedings in the Supreme Court.

Respectfully submitted,

s/Michael D. Wright

ALAN M. WILSON, Fed. ID# 10457
Attorney General of South Carolina
W. JEFFREY YOUNG, Fed ID# 6122
Chief Deputy Attorney General
C. HAVIRD JONES, JR., Fed. ID# 2227
Senior Assistant Deputy Attorney General
JARED Q. LIBET, Fed. ID# 9882
Assistant Deputy Attorney General
KRISTIN M. SIMONS, Fed. ID# 10167
Senior Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA**
P.O. Box 11549
Columbia, South Carolina 29211
(803) 734-8044
SJones@scag.gov
KSimons@scag.gov

Vincent A. Sheheen, Fed. ID# 7016
Michael D. Wright, Fed. ID# 11452
**SAVAGE ROYALL & SHEHEEN, LLP**
P.O. Drawer 10
1111 Church Street
Camden, South Carolina 29020

(803) 432-4391  
VSheheen@thesavagefirm.com  
mwright@thesavagefirm.com  

A. Gibson Solomons, III, Fed. ID# 7769  
**SPEIGHTS & SOLOMONS, LLC**  
P.O. Box 685  
100 Oak Street, East  
Hampton, South Carolina 29924  
(803) 943-4444 (Tel); (803) 943-4599 (Fax)  
GSolomons@speightsandsolomons.com  

Jonathan M. Robinson, Fed. ID# 7755  
Austin T. Reed, Fed. ID# 13405  
Frederick N. Hanna, Jr., Fed ID# 13826  
**SMITH ROBINSON HOLLER DUBOSE & MORGAN, LLC**  
3200 Devine Street  
Columbia, South Carolina 29205  
803-254-5445 (Tel)  
803-254-5007 (Fax)  
Jon@smithrobinsonlaw.com  

Pursuant to CMO 2A, filed with the Approval of,

s/Joseph Rice  
Joseph Rice  
Motley Rice, LLC  
28 Bridgeside Blvd.  
Mt. Pleasant, SC 29464  
jrice@motleyrice.com  

Plaintiff's Co-Lead Counsel

August 7, 2025

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I caused the foregoing to be filed with the Clerk of this Court via CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                            /s/ Michael D. Wright
                                            Savage, Royall, & Sheheen, LLP

August 7, 2025